# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| | ) |
| v. | ) Docket no. 2:10-cr-201 |
| MAURICE ROUNDY, | ) |
| Defendant. | ) |

## ORDER ON MOTIONS IN LIMINE

A jury trial in this case is set to commence on May 17, 2011. Before the Court are two motions filed by Defendant Maurice Roundy: (1) the Motion in Limine Involving Character Witnesses (Docket # 50) and (2) the Motion in Limine Regarding Proposed Government Exhibits (Docket # 51).

The first Motion in Limine (Docket # 50) seeks to limit the cross-examination of any character witnesses in accordance with F.R.E. 405(a). The Motion (Docket # 50) is DENIED WITHOUT PREJUDICE. If and when Defendant presents character witnesses who are subject to cross-examination, Defendant shall reassert his objections and may request a sidebar conference as appropriate.

In connection with the second Motion in Limine Regarding Proposed Government Exhibits (Docket # 51), the Court requested, and the Government provided, copies of the proposed exhibits for review. Having reviewed these exhibits, the Court now offers the following preliminary rulings, all of which are made without prejudice to Defendant renewing

his objection or the Government seeking reconsideration based on the more fully developed trial record:

**Government Exhibits 5A, 5B & 5C:** These documents relate to the Section 341 Creditor's Meeting held on November 14, 2005 and reflect Defendant's testimony at the hearing. The documents are clearly relevant to Count Two and are not unduly prejudicial. As to these exhibits, Defendant's Motion is DENIED WITHOUT PREJUDICE.

**Government Exhibit 7:** The document is an eight-page motion for dissolution of Maine Coast Airways, with attached exhibits, filed on August 4, 2006. On the current record, the Court finds that the exhibit should be excluded under Rule 403. As to this exhibit, Defendant's Motion is GRANTED WITHOUT PREJUDICE.

**Government Exhibit 9:** The document is an eight-page motion seeking approval of a settlement and an attached settlement agreement. On the current record, the Court finds that the exhibit should be excluded under Rule 403. As to this exhibit, Defendant's Motion is GRANTED WITHOUT PREJUDICE.

**Government Exhibit 10:** The document is a ten-page motion with attached exhibits filed on June 8, 2007. The Motion seeks to revoke the prior abandonment done in connection with the settlement referenced in Government Exhibit 9. On the current record, the Court finds that the exhibit should be excluded under Rule 403. As to this exhibit, Defendant's Motion is GRANTED WITHOUT PREJUDICE.

**Governments Exhibits 11 & 12:** These two documents relate to <u>Carmel Theberge v. Jane Theberge, et al.</u>, a case that was filed in state court and removed to Bankruptcy Court. On the current record, the Court finds that the exhibit should be excluded under Rule 403. As to this exhibit, Defendant's Motion is GRANTED WITHOUT PREJUDICE.

With respect to Government Exhibits 7, 9 through 12, the Court understands the potential relevance of the exhibits given the Government's need to prove that the Defendant made false statements about material facts. In the Court's initial assessment, the steps taken by the Trustee in reliance on Defendant's allegedly false statements can easily be established by direct testimony as to the fact that these filings were made in reliance on Defendant's alleged statements. The Court remains concerned that admission of these motion papers and the docket sheet will likely confuse the jury. The motion papers also inevitably contain argument and statements of law (that may or may not be correct). The Government is free to request reconsideration at trial outside the presence of the jury.

As explained herein, Defendant's Motion in Limine Involving Character Witnesses (Docket # 50) is DENIED WITHOUT PREJUDICE and Defendant's Motion in Limine Regarding Proposed Government Exhibits (Docket # 51) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

SO ORDERED.

       /s/ George Z. Singal
       United States District Judge

Dated this 11th day of May, 2011.